UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RICARDO UGARTE<br><br>V.<br><br>MID-AMERICA METAL ROOFING<br>& SIDING INSTALLED, LLC | Case No._____ |

# PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

TO OUR HONORABLE DISTRICT COURT JUDGE:

Plaintiff Ricardo Ugarte ("Mr. Ugarte") files this Original Complaint against Defendant MID-AMERICA METAL ROOFING & SIDING INSTALLED, LLC and would respectfully show the following:

## Parties

2.1   Mr. Ugarte is a resident and citizen of the State of Texas.

2.2   Defendant, MID-AMERICA METAL ROOFING & SIDING INSTALLED, LLC ("Mid-America") is a Texas corporation with its principal place of business in the State of Texas, operated for the purpose of accumulating profit and may be served with process herein by service upon its registered agent, ELIZABETH CRAVENS, 101 PROCTER ST PORT ARTHUR, TX, 77640-6431

## Venue & Jurisdiction

1

3.1     This case arises under the Court's federal question jurisdiction based on his claim under 29 U.S.C § 215. The Court has jurisdiction over Plaintiff's additional claim under Texas Labor Code Section 451.001 based on 28 USC §1367(a).

3.2     Venue in this District is proper as it satisfies the requirements of 28 U.S.C. § 1391, in that Defendant conducts substantial business in and is subject to personal jurisdiction in the District of this Court. In addition, venue is proper in this District, as Mr. Ugarte is a resident of this District and was employed by Defendant to work in this District and was ultimately terminated in this District.

## Factual Background

4.1     This suit is necessitated by Defendant Mid-America's discriminatory misconduct and then retaliatory discharge of Mr. Ugarte.  Mid-America retaliated and terminated Mr. Ugarte for two separate reasons – (1) Mr. Ugarte filed an on the job injury claim, sought worker's compensation benefits, and instituted a proceeding or caused to be instituted a proceeding under the Texas Worker's Compensation laws, including reporting that he suffered an injury to his employer under Texas Labor Code § 409.001 and (2) Mr. Ugarte made a complaint and report under or related to the Fair Labor Standards Act.

4.2     In more detail, Mr. Ugarte, a loyal and hard-working employee of Ugarte, was injured while working on the job on or about June 26, 2019. Mr. Ugarte reported this injury to his employer and received medical treatment. By making that report to his supervisor and employer as required by Texas Labor Code § 409.001, Mr. Ugarte instituted a proceeding under the Texas Workers' Compensation laws, as protected by

Texas Labor Code § 451.001.

4.3     During that same period, between June 26th to July 8th, Mr. Ugarte made multiple complaints to Defendant and the site manager regarding Defendant's failure to properly pay him wages consistent with its obligation under the Fair Labor Standards Act ("FLSA"). Indeed, in violation of Federal law, Defendant failed to pay Mr. Ugarte for overtime and other hours that he had worked for Defendant.

4.4     In response to (1) his report of injury and treatment as protected by Texas Labor Code § 451.001(3) and his complaint regarding Defendant's violation of the FLSA, as protected by 29 U.S.C § 215, Mid-America began taking discriminatory actions against Mr. Ugarte. This conduct culminated when Mid-America wrongfully terminated and fired Ugarte on or about July 8, 2019. The claimed basis – alleged insubordination – was and is always a pretext for illegal and wrongful misconduct and then firing in violation of the Texas Labor Code. Employers such as Mid-America should not, and may not, fire or otherwise discriminate against employees such as Mr. Ugarte for the reasons identified in both Texas Labor Code §451.001 or 29 U.S.C § 215.

### FIRST CAUSE OF ACTION—WRONGFUL DISCRIMATORY MISCONDUCT AGAINST EMPLOYEE SUSTAINING ON-THE-JOB INJURY

5.1     Plaintiff Mr. Ugarte re-alleges and incorporates each allegation contained in Paragraphs 1-4.4 of this Petition as if fully set forth herein.

5.2     Texas' workers' compensation laws, including Texas Labor Code Section 451.001, provide a cause of action for discriminatory misconduct and retaliation

against a worker injured on the job. Defendant Mid-America knew of Mr. Ugarte's compensable on the job injury.  Mid-America responded to Mr. Ugarte's report of injury by first harassing and then firing him, fabricating various pretextual grounds for wrongfully and maliciously firing Mr. Ugarte as a result of his on the job injury and resulting claim for lawful benefits.

### SECOND CAUSE OF ACTION—WRONGFUL TERMINATION/DISCHARGE AND RETALIATION UNDER 29 U.S.C § 215

6.1    Plaintiff Mr. Ugarte re-alleges and incorporates each allegation contained in Paragraphs 1-5.2 of this Petition as if fully set forth herein

6.2    The Fair Labor Standards Act prohibits employers, like Mid-America, from discharging or in any manner discriminating against any employee because the employee has filed a complaint or instituted any proceeding under or related to the Fair Labor Standards Act.

6.3    Mr. Ugarte made multiple complaints to Defendant regarding Defendant's violation of the Fair Labor Standards Act.  Based on these reports and complaints, Mr. Ugarte engaged in a protected act under 29 U.S.C § 215.

6.4    Defendant Mid-America knew of Mr. Ugarte's report regarding its violation of the Fair Labor Standards Act. Mid-America responded to Mr. Ugarte's report/complaint by harassing and then firing him, fabricating various pretextual grounds for wrongfully and maliciously firing Mr. Ugarte as a result of his complaint/report and resulting claim for lawful benefits.

### RESULTING LEGAL DAMAGES

7.1     Mr. Ugarte is entitled to the actual damages resulting from the Defendant's violations of the law. Mid-America's retaliatory discharge of Mr. Ugarte entitles him to actual damages, punitive damages, mental anguish, attorney's fees, exemplary damages, and other penalties provided by law.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Plaintiff have judgment against Defendant for legal damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Mr. Ugarte may be entitled.

Respectfully submitted,



_____
MICHAEL PATRICK DOYLE
State Bar No. 06095650
PATRICK M. DENNIS
State Bar No. 24045777
JEFFREY I. AVERY
State Bar No. 24085185
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: 713.571.1146
Fax:   713.571.1148
service@doylelawfirm.com
**ATTORNEYS FOR PLAINTIFF**

5

## JURY DEMAND

*Mr. Ugarte hereby demands a trial by jury and tenders the necessary fee, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many.  The necessary jury fee has been paid.*

_____
**MICHAEL PATRICK DOYLE**